comes under the designation of those who can be removed with charge and a trial. Writ quashed. Brown, P. J. and Dykman, J., concurred.

The People of the State of New York ex rel. John J. Donlon, Relator, v. Frederick W. Wurster, Fire Commissioner, etc., Respondent.— Determination confirmed, without costs.—

PRATT, J.: Whatever may have been the status of the relator prior to January 10, 1893, it appears in the record of the fire department that upon that day he resigned, and that upon the next day he was appointed as a coal passer. This is a position as laborer and is not within the class of persons under the statute entitled to trial before they can be discharged. It also appears upon the minutes of the fire department that his original appointment was "temporarily as a laborer" in the department. I, therefore, find he was not at any time a member of the force for extinguishing fires. Writ quashed, without costs. Brown, P. J., and Dykman, J., concurred.

Leonard Knox, Respondent, v. The Town of Gravesend, Appellant.— Judgment reduced to $180, and as reduced affirmed, without costs.—

BROWN, P. J.: This action is of the same character as that of Morson against the same defendant (ante, p. 52). Following the view there expressed we should reverse the judgment and dismiss the complaint. But the appellant concedes an indebtedness to the plaintiff of $180 and a liability upon the part of the defendant therefor. The judgment must, therefore, be reduced to that amount, and so modified is affirmed, without costs. Pratt and Dykman, JJ., concurred.

The People of the State of New York ex rel. Patrick O'Connor, Appellant, v. Leonard R. Welles, Commissioner of Police, etc., Respondent.— Determination confirmed, without costs. No opinion. All concur.

The People of the State of New York ex rel. William J. Roberts and Others, Appellants, v. Leonard R. Welles, as Police Commissioner, etc., Respondent. — Determination confirmed, without costs. All concur.

In the Matter of the Judicial Settlement of the Accounts of Alfred B. Smith and Another, Executors, etc., of Margaret J. Myers.— Decree affirmed, without costs. No opinion. All concur.

The People of the State of New York ex rel. Patrick Hughes v. Mayor Horatio S. Sandford, Commissioner of Public Works, etc., and Others.— Determination annulled, and relator restored to his position, with fifty dollars costs.—

BROWN, P. J.: This proceeding is a certiorari to review the determination of the respondents dismissing the relator from the position of fireman in the fire department. The respondents were empowered to remove employees for "incapacity, neglect of duty or misconduct." The relator was charged with neglecting to feed or water horses left in his charge from nine o'clock P. M. on July twentieth, to three-thirty P. M. on July 21, 1893. It appears that at twelve-thirty A. M., July twenty-first, an alarm summoned the relator and his company to a large fire, and he was on duty there the balance of that night and part of the next day. The only witness called to substantiate the charge was Alexander Grady, the company's foreman. He knew nothing of the matter himself, but testified that he believed the charge was true. He swore to a conversation with Hughes which, it was claimed, amounted to an admission of the charge of neglect. Hughes denied on the witness stand that he admitted to Grady that the horses were not fed or

watered until the afternoon of the twenty-first, and it appeared by uncontradicted evidence that they were fed about nine o'clock in the morning, and were watered about eleven o'clock. The charge of neglect was not proved, and the commissioners were not authorized to dismiss the relator. The order must be reversed and the relator restored to his position, with fifty dollars costs. Pratt and Dykman, JJ., concurred.

In the Matter of the Judicial Settlement of the Accounts of Mary C. Rogers, as Administratrix, etc., of Guy C. Goss, Deceased.— Decree affirmed, with costs to be paid by appellant.—

PRATT, J.: The petitioner called as a witness Mary R. Goss, and her testimony established a transfer to her of the $500 claim, by Guy C. Goss in his lifetime. The witness says: "I don't remember his words; I supposed he gave me the $500; I had no doubt about it; * * * he spoke of giving it to me; he spoke of having given it to me; he spoke of it as mine the last time he was down stairs." It is not disputed that he gave the paper which evidenced the debt to his wife, nor that he was in her debt. The appellant relies upon the statement of Mary R. Goss that her husband suggested that she use the proceeds of the claim to pay the premiums on life insurance policies, to show that he intended to retain the title to the claim in himself, and not to vest it in his wife. His intention obviously was that his wife should benefit by the $500. To retain the title in himself and direct her as his agent to pay the insurance would not carry out that intention, but would be liable to defeat it, as this proceeding shows. His suggestion as to the use was chiefly significant as showing his interest in the future of his family. He had a right to pay the $500 to his wife. He tried to do it. We think he succeeded. The appellant argues that an error was made in admitting the testimony. As defendant's contention is fully sustained by other witnesses, that question need not be considered. Order appealed from affirmed, with costs. Brown, P. J., and Dykman, J., concurred.

Mary E. Burns, Respondent, v. The City of Yonkers, Appellant.— Judgment and order affirmed, with costs.—

PRATT, J.: We do not find that the facts on the present trial vary in any important particular from those shown on the previous trial, discussed in 83 Hun, 211. That case determined that the plaintiff had a right to go to the jury on the question of defendant's negligence. The verdict establishes the liability of the city. It is entirely clear that the accident resulted from the absence of a fence between the traveled road and the declivity down which the plaintiff went. In the light of the event it is easy to see that a fence should have been provided. We cannot say the jury are wrong in finding that the necessity of a fence should have been apparent before the accident. There were no errors in the admission of evidence or in the charge, and the judgment must be affirmed, with costs.

BROWN, P. J. (concurring): This action was first tried at a Circuit at which I presided, and the complaint was dismissed. Upon an appeal to a General Term composed of Justices Dykman and Cullen, the judgment entered upon the order dismissing the complaint was reversed and a new trial ordered. Upon the second trial the plaintiff recovered a judgment from which the present appeal is taken. The court should adhere to its former decision unless the facts are essentially different from what they were on the first trial. I do not think they differ to such an extent as to make inapplicable the rule applied by the opinion of Justice Cullen (83